United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKETA S. JOLLY,<br>Plaintiff,<br>v.<br>GOOGLE LLC, et al.,<br>Defendants. | Case No. 26-cv-00054-NW<br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br>Re: ECF Nos. 20, 23 |

Plaintiff Marketa S. Jolly ("Plaintiff" or "Dr. Jolly") sued various Defendants for events associated with prior litigation in New Jersey. Plaintiff filed a first amended complaint ("FAC") on February 23, 2026, after Judge DeMarchi determined that Plaintiff's original complaint was deficient under Rules 8 and 10 of the Federal Rules of Civil Procedure for failure to state a plausible claim for relief, and granted Plaintiff leave to file an amended pleading. ECF No. 6 at 3, 6; FAC, ECF No. 10. On May 1, 2026, Magistrate Judge DeMarchi issued a Report and Recommendation ("R&R") that Plaintiff's case be reassigned to a district judge and that her complaint be dismissed. R&R, ECF No. 20. On May 15, 2026, Plaintiff timely filed objections to the R&R. Plaintiff's Objections, ECF No. 22. For the reasons set forth below, the Court finds Plaintiff's objections to be without merit, finds Judge DeMarchi's R&R to be thorough and correct, and adopts it in every respect.[1] The Court also terminates Plaintiff's motion for declaratory judgment as moot. ECF No. 23.

[1] The Court finds that Plaintiff has not adequately demonstrated that her case (and related filings) should be filed under seal. The Court directs the Clerk of Court to unseal the case.

United States District Court
Northern District of California

## I. BACKGROUND

The Court assumes familiarity with the factual background and procedural history of this case, which was outlined in detail in the R&R. *See* ECF No. 20. Briefly, this dispute stems from prior litigation in New Jersey. Plaintiff, proceeding *pro se*, asserts that numerous defendants in the New Jersey case made false allegations against her during the course of that litigation, so she now sues Defendants Google LLC ("Google"), the Administrative Office of the United States Courts ("AO"), and The Public Access to Court Electronic Records service ("PACER") (collectively, "Defendants")[2] for wrongfully making public, records of the New Jersey case. *See* ECF No. 10 at 1, 3.

In the FAC, Plaintiff brings five claims: (1) violation of the Privacy Act against the AO and PACER; (2) invasion of privacy against Google; (3) negligent dissemination of false information against Google; (4) unfair or deceptive business practices against Google; and (5) negligent infliction of emotional distress against Google. On April 23, 2026, Plaintiff separately filed a "Motion for Consideration and Relief from Unauthorized Publication of Void Judicial Entries." ECF No. 17. The Court, consistent with the findings in the R&R, construes this motion as a request for leave to further amend the FAC. *See* R&R at 5. In the request, Plaintiff essentially seeks to add two claims: (6) "Violation of Civil Rights § 1983"; and (7) violation of the E-Government Act of 2002. ECF No. 17 at 1.

## I. LEGAL STANDARD

A district court's duties in connection with a magistrate judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may

[2] The Court agrees with the R&R's determination that Plaintiff's FAC does not comply with Rule 10 of the Federal Rules of Civil Procedure as it fails to identify all parties involved in the litigation. R&R at 3. Although the modified caption references "GOOGLE LLC, CASE TEXT, JUSTIA, FEDERAL SYSTEMS OF RECORDS (PACER)" as Defendants, the body of Plaintiff's FAC indicates that the intended Defendants are Google, PACER, and the AO. Plaintiff is *pro se* and the Court liberally construes her FAC, assuming for the purposes of this analysis that she has brought her claims against these three identified Defendants.

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "Only objections that reference specific portions of the report and recommendation will trigger *de novo* review—general or conclusory objections do not suffice." *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017), *aff'd*, 772 F. App'x 580 (9th Cir. 2019). The district court need not review *de novo* those portions of a R&R to which neither party objects. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Courts have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## II. DISCUSSION

On May 1, 2026, Judge DeMarchi issued an R&R, recommending that: the case be reassigned to a district judge; Plaintiff's federal claims be dismissed; and the newly assigned district judge decline to exercise supplemental jurisdiction over the remaining state law and/or common law claims. ECF No. 20.

Plaintiff timely filed objections to the R&R. ECF No. 22. Plaintiff objects to the R&R on three grounds asserting that it: (1) improperly dismisses her Privacy Act claim; (2) incorrectly analyzes her Communications Decency Act claim; and (3) "fails to engage with the constitutional dimensions of Plaintiff's claims – including the due process injury." *Id*. at 6.

Essentially what Plaintiff is seeking, which she requests most succinctly in her prayer for relief in her "Motion for Consideration and Relief from Unauthorized Publication of Void Judicial Entries" is: "an order declaring that the underlying judicial entries [from the New Jersey case] at issue in this action are void *ab initio* for lack of subject matter jurisdiction and constitute legal nullities that are incapable of producing any legal consequence." ECF No. 17 at 13. But this is relief the Court cannot grant. This Court lacks authority to vacate judgments rendered by other federal district courts or to otherwise direct those courts in the performance of their duties. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995).

The Court turns back to Plaintiff's three specific objections.

### A. Privacy Act Objections

Plaintiff alleges that the AO and PACER violated requirements under the Privacy Act for managing confidential records. *See* ECF No. 10 at 5. The R&R found that a Privacy Act claim cannot be maintained against the AO or PACER as they are not federal agencies. R&R at 6. Plaintiff objects to this finding, arguing that the R&R failed to adequately consider the applicability of the Privacy Act to the AO and PACER. Plaintiff's Objections at 15. Plaintiff is mistaken. The Privacy Act specifically states that "the individual [alleging Privacy Act violations] may bring a civil action against the *agency* [allegedly committing those violations]." 5 U.S.C. § 552a(g)(1) (emphasis added). The Privacy Act defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the *executive branch* of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1) (emphasis added). PACER is an electronic service, not a federal agency of the United States Government. The AO is the administrative arm of the judiciary, not a federal agency. *See F.A.A v. Cooper*, 566 U.S. 284, 287 (2012) ("The Privacy Act of 1974. . . contains a comprehensive and detailed set of requirements for the management of confidential records held by *Executive Branch* agencies.") (emphasis added). As such, neither the AO nor PACER are subject to the Privacy Act.[3]

### B. Communications Decency Act Objections

Plaintiff appears to allege a violation by Google of the electronic document privacy rules set forth by the E-Government Act of 2002. *See* ECF No. 17 at 7. The R&R found that the E-Government Act does not provide a private right of action for enforcement. R&R at 8. Plaintiff makes no specific objection to the R&R's finding that she lacks a private right of action. Instead Plaintiff focuses her objection on a defense she anticipates from Google. Plaintiff is concerned that Google will raise an immunity defense to her E-Government Act claim under Section 230 of

---

[3] Plaintiff additionally asserts that the R&R failed to analyze "whether another federal entity with oversight authority over PACER's records maintenance and dissemination policies qualifies as an agency subject to the [Privacy] Act." Plaintiff's Objections at 13. It is Plaintiff's obligation, not the Court's, to state a claim and identify defendants.

the Communications Decency Act. ECF No. 17 at 8. She objects that the R&R "appears to treat § 230's potential availability as a defense as ground for dismissing the complaint for lack of a federal jurisdictional basis." Plaintiff's Objections at 17–18. Plaintiff misinterprets the R&R's holding. Judge DeMarchi does not dismiss Plaintiff's complaint based on § 230. Judge DeMarchi explains that to the extent Plaintiff relies on a § 230 defense as basis for federal jurisdiction "that argument fails." R&R at 9. As stated in the R&R, "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quotation modified; citation omitted).

**C. Constitutional "Dimension" Objections (42 U.S.C. § 1983)**

Plaintiff alleges various constitutional violations, and brings a claim under § 1983.[4] The R&R found that Plaintiff failed to state plausible facts or theories that Google qualifies as a "state actor" within the meaning of § 1983. R&R at 7. Plaintiff objects on the basis that the R&R "does not analyze whether the commercial republication of . . . records by private entities, acting in commercial partnership with the governmental dissemination mechanism, transforms the private conduct into state action or creates joint liability." Plaintiff's Objections at 21. But there is no evidence that PACER has such a partnership with Google. In addition, mere use of government information does not automatically transform private action into state action. *See Hart v. Facebook Inc.*, No. 22-CV-00737-CRB, 2022 WL 1427507, at *6 (N.D. Cal. May 5, 2022) ("[N]either the government's communication of information nor a private party's use of that information transforms private action into state action."); *see also Cantella v. Van De Kamp*, No. C05-2415 BZ, 2005 WL 3409701, at *1 (N.D. Cal. Dec. 13, 2005) ("A private person does not become a state actor merely by publishing public information.").

Plaintiff also objects that "the government's acquisition of comprehensive digital records of an individual's movements and associations requires a warrant supported by probable cause. . .

[4] The allegations set forth in Plaintiff's April 23, 2026 motion indicate that she intends to assert a § 1983 claim against both Google and the "Commonwealth of Pennsylvania and its attorneys." ECF No. 17 at 10–12. The Commonwealth of Pennsylvania is not before the Court as a Defendant, nor is there any indication that it is properly subject to this Court's jurisdiction. R&R at 7. Plaintiff makes no objection to this point.

because the aggregation of digital information creates a 'detailed chronicle' of a person's life that implicates core Fourth Amendment privacy interests." Plaintiff's Objections at 23. But the public has a right to access court records—including those involving Plaintiff in her New Jersey action. If Plaintiff has an objection to the findings of the New Jersey court, that must be handled by the appropriate court in New Jersey. This Court does not have the authority to invalidate the rulings made in those courts.

Plaintiff objects generally that the R&R fails to engage with the constitutional dimensions of her claim. *Id.* at 20. She maintains that this is "precisely the kind of analysis that requires factual development and adversarial briefing rather than summary dismissal at the pleading stage." *Id.* at 20–21. But such an analysis is only reached if a plaintiff plausible alleges a § 1983 claim against a person or entity acting under the color of state law. Plaintiff has not met this burden.

In sum, Plaintiff has failed to state her federal claims. Accordingly, as recommended in the R&R, her claims are dismissed.

### D. Other Claims

Finally, Plaintiff does not object to the R&R's determination regarding her remaining state law claims or the recommendation that the Court decline to exercise supplemental jurisdiction. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. 1367(c)(3)). Absent viable federal claims, the Court declines to extend supplemental jurisdiction over Plaintiff's state law claims.

## II. CONCLUSION

The Court finds that Plaintiff has not presented viable objections to the R&R, and in some instances Plaintiff did not object to the R&R's finding. Therefore, the Court DENIES Plaintiff's objections and finds that further amendment of the complaint would be futile. The reasoning and recommendations set forth in the R&R are ADOPTED IN FULL. The Court dismisses Plaintiff's FAC without leave to amend, and the Court also terminates Plaintiff's motion for declaratory judgment as moot. ECF No. 23.

United States District Court
Northern District of California

The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 16, 2026

Noël Wise
United States District Judge